IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRANDA N. MARK,
      Plaintiff,

Case No.
Judge
Magistrate Judge

vs.

DELTA AIRLINES INC.,
A Delaware Corporation.
PROSPECT AIRPORT SERVICES, INC.,
An Illinois Corporation.

      Defendants.

---

IHRIE O'BRIEN ALBRIGHT PERAKIS
Attorneys for Plaintiff
By: Robert D. Ihrie, P26451
By: Harold A. Perakis, P35921
24055 Jefferson, Suite 2000
St. Clair Shores, MI  48080
(586) 778-7778

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, MIRANDA N. MARK ("Plaintiff" and/or "Ms. Mark") through her attorneys, IHRIE O'BRIEN ALBRIGHT PERAKIS, by Robert D. Ihrie and Harold A. Perakis, and sues Defendant, DELTA AIRLINES, INC. ("Defendant" and/or Delta"), a Delaware Corporation, and PROSPECT AIRLINE SERVICES, INC., ("Defendant and/or Prospect") an Illinois corporation, and for her cause of action claims and alleges as follows:

1

## PARTIES

1. Plaintiff is a resident of Shelby Township, Macomb County, and the State of Michigan.

2. Defendant Delta is a Delaware corporation with its principal offices in Atlanta, Georgia, is licensed to do business as a common carrier in Michigan, and operates one of its major airline hubs out of the Detroit Metropolitan Airport ("Detroit Metro") in the City of Romulus, County of Wayne, and State of Michigan.

3. Defendant Prospect is an Illinois corporation with its principal offices in Des Plaines, Illinois, is licensed to do business in Michigan, and operates and does business at the Detroit Metropolitan Airport ("Detroit Metro") in the City of Romulus, County of Wayne, and State of Michigan.

4. The negligent actions of Defendant Delta and Prospect, and/or its employees, agents or representatives, that give rise to this two-count cause of action occurred at Detroit Metro in Wayne County, Michigan on May 14, 2023 and May 28, 2023.

5. The amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of costs, interest and allowed attorney fees.

6. Jurisdiction and venue properly lie with this Court.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. Sections 1332.

8. Venue is proper in this Court under 28 U.S.C. Section 1391(b)(2), as the events, commissions, and omissions alleged occurred in Wayne County, Michigan.

## INTRODUCTORY FACTS

9. Plaintiff hereby incorporates every allegation contained in the foregoing paragraphs of this Complaint as if set forth paragraph by paragraph and word for word.

10. In May 2023, Plaintiff scheduled Delta Airline flights from Detroit, Michigan, to Jacksonville, Florida, and back to Detroit so Plaintiff could receive neurological treatment at The Brain Optimization Institute in Jacksonville. Her flights were to leave Detroit Metro on May 14, and return from Jacksonville to Detroit on May 28, 2023.

11. Before that first flight, Plaintiff called the Delta Airlines call center and was transferred to Defendant's disability care personnel. Plaintiff informed the personnel that she was a disabled quadriplegic, over-weight person that required two-person assistance while being transferred to and from her electric wheelchair and the airline wheelchair during boarding and deplaning from the Delta Airline planes.

12. On May 14, 2024, at check-in, Plaintiff made it clear to the Delta personnel, agents, or employees that her disabilities did not allow for her to assist in any way the personnel with those transfers.

13. The Delta personnel at check-in assured Plaintiff that the personnel responsible for transferring and transporting Plaintiff would do so safely and consistent with her disclosed disabilities.

14. The Delta personnel on the telephone did not warn Plaintiff that the Delta and/or Prospect personnel who would be assisting Plaintiff in the necessary transfers would act in such a careless and reckless manner during the transfers on May 14 and May 28, 2023.

15. The Delta personnel on the telephone did not warn Plaintiff that the Delta and/or Prospect personnel who would be assisting Plaintiff in the necessary transfers would place Plaintiff in unreasonable and extreme mental and physical danger during the transfers and transport of Plaintiff that occurred on May 14 and May 28, 2023.

**COUNT I: NEGLIGENCE
AS TO DEFENDANT DELTA AND PROSPECT
(Date of incident May 14, 2023)**

16. Plaintiff hereby incorporates every allegation contained in the foregoing paragraphs of this Complaint as if set forth paragraph by paragraph and word for word.

17. On or about May 14, 2023, Plaintiff was a properly ticketed passenger and Delta customer.

18. On May 14, 2023, Plaintiff was attempting to board a domestic flight operated by Defendant at Detroit Metro Airport.

19. On that date, Plaintiff suffered, and continues to suffer, from a physical disability that requires the use of a wheelchair and mandates a two-person assist in transferring from Plaintiff's electric wheelchair to an airline wheelchair and onto the airplane seat. Plaintiff did not have the physical or mental ability to assist in those transfers in any meaningful and safe way.

20. Defendant Delta leased, owned, and controlled the airport gates, the jetways, the platform area located just outside the Delta airplanes, and the area inside the airplanes.

21. On May 14, 2023, as a result of the careless and reckless actions of Defendants Delta and Prospect employees and agents during their attempt to transfer Plaintiff from her electric wheelchair to an airline wheelchair and from the airline wheelchair into Plaintiff's airline seat, Plaintiff suffered severe mental distress and anguish and physical injury on the platform located just outside the Delta airplane and inside the airplane.

22. During the attempted transfers of Plaintiff, the careless and reckless actions of Defendants Delta and Prospect employees or agents included, inter alia:

    a. allowing the airline chair to shift during the transfer thereby causing the airline wheelchair to move during the transfer process;

    b. dropping Plaintiff between the electric wheelchair and the airline wheelchair during the transfer;

    c. causing Plaintiff's body to be jostled during several failed attempts to place Plaintiff's body in the airline wheelchair; and

    d. after finally getting Plaintiff into the airline wheelchair, the chair shifted and caused Plaintiff's head to smack against a metal shelf or apparatus attached to the wall in the walkway before entering the plane.

23. Once the Delta employees and/or Prospect employees managed to get Plaintiff in the airline wheelchair and place the safety buckle on her, Plaintiff's body was again jostled by being pushed into the airplane over a bumpy gap in the flooring.

24. As Plaintiff and the airline wheelchair were being hurriedly pushed down the aisleway, Plaintiff's arms were being slammed into the airline seats' armrests causing Plaintiff great pain and suffering.

25. Defendant Delta employees and/or Prospect employees then instructed Plaintiff to keep her feet tucked in close while Defendants' agents pushed the wheelchair down the airplane aisle. Plaintiff told Defendant Delta and/or

Prospect employees that she couldn't tuck her feet or legs closer into the wheelchair and could not balance her feet on the foot bar.

26. Rather than carefully help Plaintiff rest her feet on the airline wheelchair and push the wheelchair more carefully, Defendant Delta and/or Prospect's employees grew frustrated and hurried the wheelchair down the aisleway.

27. Once Plaintiff made it to the row where she was to sit, Defendant Delta and/or Prospect's employees realized that the armrests could not be folded up to assist in the transfer from the airline wheelchair to Plaintiff's airplane seat.

28. As a result, a Defendant Delta and/or Prospect employee suggested that he could stand Plaintiff up. Plaintiff told the man not to stand her up because once standing, Plaintiff could not control her body, and her legs would collapse.

29. Ignoring Plaintiff's warning not to lift and stand her up, the Delta and/or Prospect male employee stood Plaintiff up only to have Plaintiff's legs collapse and bend, causing her excruciating pain.

30. While Plaintiff was experiencing excruciating leg pain, the Delta and/or Prospect male employee who caused Plaintiff's legs to collapse and buckle, carelessly pulled at Plaintiff's upper body, causing her even more pain and suffering.

31. An unknown Delta and/or Prospect attendant helped Plaintiff to sit in her

airline seat.

32. Defendants' employees were on notice of Plaintiff's severe disabilities before the dates of Plaintiff's travel, and Plaintiff accepted Defendants' offer of wheelchair assistance and transfer assistance to help her navigate the required transfers inside and outside the planes.

33. Defendants and their employees accepted their obligations to carefully and safely provide wheelchair assistance and transfer assistance to Plaintiff and to navigate Plaintiff's required transfers inside and outside the planes.

34. Defendant Delta is a common carrier and owed a duty to Plaintiff to provide for her safety as a passenger, and owed a duty of ordinary care to Plaintiff.

35. Upon information and belief, on or before May 14th, 2023 and all dates relevant herein, Defendant Prospect was hired by Defendant Delta to provide transfer assistance to Delta passengers in need of such assistance. As such, Prospect owed a duty of ordinary care to Plaintiff to safely provide such assistance.

36. As detailed herein, Defendants Delta and Prospect breached their respective duties of due care to Plaintiff by acting in a grossly negligent manner during Plaintiff's transfers and breached their duty to Plaintiff to not unreasonably endanger Plaintiff during those transfers.

37. Further, Defendants specifically breached their duties and obligations to

Plaintiff by:

  a. Leaving an unreasonably large bump in the airplane floor for Plaintiff to navigate over while Plaintiff was being pushed in the airline wheelchair;

  b. Representing that conditions were safe for boarding the aircraft when in fact there were many obstacles inside and outside the airplane, as detailed above, that exposed Plaintiff to dangers and hazards during the transfer and wheelchair transport of Plaintiff;

  c. Failing to warn Plaintiff of the hazards confronted by Plaintiff during Defendants' employees' careless and reckless transport and transfer of Plaintiff inside and outside the airplane;

  d. Failing to provide for safe and appropriate wheelchair transport compatible with the aircraft Defendant Delta provided for Plaintiff's trip; and

  e. Negligently pulling and lifting Plaintiff to force Plaintiff to stand, even though Plaintiff told Delta and/or Prospect's attendants, agents and employees to not attempt to stand Plaintiff up because of the great pain and anguish that they were causing during their ill-advised attempts to do so.

38. Defendants Delta and Prospect breached their common law duties of care, numerous industry standards and internal policies and procedures, in their joint negligent and dangerous transport and transfers of Plaintiff as described above.

39. Defendants Delta and Prospect's attendants', employees' and agents' joint negligence and carelessness outlined herein directly and proximately caused Plaintiff to suffer physical and psychological injuries and aggravation of Plaintiff's pre-existing conditions that has since required medical, neurological and psychological care to relieve or reduce Plaintiff's great pain and psychological distress she suffered during her airplane trip, after the trip, and into the future.

40. Defendant Delta's and Prospect's attendants', employees' and agents' joint negligence and carelessness outlined herein directly and proximately caused Plaintiff to suffer economic losses including, but not limited to, medical expenses, medical transportation, and various other economic losses to be determined during the pendency of this action.

WHEREFORE, Plaintiff hereby prays for joint and several judgment in her favor against Defendants Delta and Prospect for whatever amount the Court finds to be fair compensation for her harms and losses, plus all recoverable costs, fees, interest and allowable attorney fees.

## COUNT II: NEGLIGENCE
## AS TO DEFENDANT DELTA AND PROSPECT
### (Date of incident May 28, 2023)

41. Plaintiff hereby incorporates every allegation contained in the foregoing paragraphs of this Complaint as if set forth paragraph by paragraph and word for word.

42. On or about May 28, 2023, Plaintiff was a properly ticketed passenger and Delta customer returning to Detroit Metro Airport from Jacksonville, Florida.

43. On May 28, 2023, Plaintiff was attempting to deplane from the Delta airplane with the assistance of two (2) Delta and/or Prospect agents, employees and/or attendants.

44. As noted above, Plaintiff called the Delta Airlines call center and was transferred to Defendant's disability care personnel. Plaintiff informed the personnel that she was a disabled quadriplegic, over-weight person that required two-person assistance while being transferred to and from her electric wheelchair and the airline wheelchair during boarding and deplaning from the Delta Airline planes.

45. On May 28, 2023, at check-in, Plaintiff made it clear to the Delta personnel, agents, or employees that her medical conditions did not allow for her to assist in any way the Delta personnel with those transfers.

46. On May 28, 2023, Plaintiff suffered from, and continues to suffer from,

       physical disabilities that require the use of a wheelchair and mandated a two-person assist in transferring from Plaintiff's electric wheelchair to an airline wheelchair and onto the airplane seat.

47. On May 28, 2023, the Delta personnel at check-in assured Plaintiff that the personnel responsible for transferring and transporting Plaintiff would do so safely and consistent with her disclosed disabilities.

48. Delta and/or Prospect personnel did not warn Plaintiff that the Delta and/or Prospect personnel who would be assisting Plaintiff in the necessary transfers would place Plaintiff in unreasonable and extreme mental and physical danger during the transfers and transport of Plaintiff that occurred on May 14, 2023 and May 28, 2023.

49. On May 28, 2023, Defendant Delta leased, owned, and controlled the airport gates, the jetways, the platform area located just outside the Delta airplanes, and the area inside the airplanes.

50. On May 28, 2023, as a result of the careless and reckless actions of Defendant Delta and/or Prospect employees and agents during their attempt to transfer Plaintiff from her airplane seat to the airline wheelchair and from the airline wheelchair to Plaintiff's electric wheelchair, Plaintiff suffered severe mental distress and anguish and physical injury.

51. Defendants' employees' and agents' careless and reckless actions occurred

during the course and scope of their employment with Defendants Delta and/or Prospect.

52. After the Delta airplane landed at the Detroit Metro Airport on May 28, 2023, Plaintiff noticed that two people, a young man and woman approached her seat explaining that they would be the personnel assisting with her two-person transfer from her airplane seat to the outside of the plane where Plaintiff's electric wheelchair would be waiting.

53. Plaintiff explained to the two assistants that one of the assistants needed to be under Plaintiff's arms and the other under her legs.

54. As the assistants attempted to lift Plaintiff from the airplane seat into the airline wheelchair, Plaintiff noticed that the two assistants were straining to lift her. Plaintiff's hip was slammed into the arm rest of the airline seat. The assistants had to stop and put Plaintiff back in the airline seat. When the assistants tried again, the airline wheelchair's headrest was slammed into the back of Plaintiff's ribcage and under her arms.

55. The assistants then lifted Plaintiff again by shoving Plaintiff's body over the headrest. During this process, Plaintiff was suffering great pain and was re-living the nightmare of what had happened on May 14, 2023.

56. The female assistant backed away from Plaintiff and said that she couldn't assist any further.

57. With the assistance of Plaintiff's friend and an unidentified Delta employee, Plaintiff was placed in the airline wheelchair and the assistants began pushing the airline wheelchair out of the plane.

58. Plaintiff could not keep her feet tucked in the airline wheelchair as the wheelchair was going over bumps in the airplane floor.

59. Once Plaintiff, still in the airplane wheelchair, got to the platform just outside the plane, the assistants told Plaintiff that they would be transferring her from the airline wheelchair to another manual wheelchair. Plaintiff told the assistants, "No." The assistants had previously agreed to transfer Plaintiff to her electric wheelchair. That is what she wanted.

60. After waiting several minutes on the platform outside the plane for Plaintiff's electric chair to arrive, Plaintiff remained in the airline wheelchair, almost sliding off the wheelchair several times but still able to balance her body in the wheelchair.

61. A man from the cleaning staff asked the remaining male assistant if he needed help transferring Plaintiff. The remaining male assistant said, "No we got this!"

62. The male assistant stepped aside so that another Delta employee and Plaintiff's friend could transfer Plaintiff into her electric wheelchair. Throughout the transfer process, Plaintiff's legs were trembling and spasming.

14

63. Only after Plaintiff was transferred did she realize that her shirt pulled over her bra. Someone helped to adjust her clothing. Throughout the transfer ordeal, Plaintiff felt embarrassed, unsafe and vulnerable as a result of the Delta/Prospect assistants' inability to perform the transport and transfer task required. The delayed transfers caused Plaintiff's legs to spasm and tremble in pain as she left the airport.

64. During both ordeals that occurred on May 14, 2023 and May 24, 2023, Delta and/or Prospect employees assured Plaintiff on numerous occasions that they were capable of safely transporting and transferring Plaintiff so as to not cause her to be placed in physical and psychological danger.

65. The Defendants' employees failed to fulfill those promises and betrayed Plaintiff's confidence in them to accomplish the transfers safely and without danger to Plaintiff.

66. Defendants were on notice of Plaintiff's disability before the dates of her travel and Plaintiff accepted Defendants' offer of wheelchair assistance and transfer assistance to help her navigate the required transfers inside and outside the planes.

67. Defendant Delta is a common carrier and has a duty to provide for the safety of its passengers, such as Plaintiff, and owes a duty of ordinary care for the safety of its passengers and Plaintiff.

68. As detailed above, Defendant Delta and Defendant Prospect breached their duty of due care to Plaintiff by acting in a careless and negligent manner during Plaintiff's transfers and breached its duty to Plaintiff to not unreasonably endanger Plaintiff during those transfers.

69. Further, Defendants breached their duties and obligations to its passengers and to Plaintiff by:

    a. Leaving an unreasonably large bump in the airplane floor for Plaintiff to safely navigate over while Plaintiff was being moved in the airline wheelchair;

    b. Representing that conditions were safe for boarding the aircraft when in fact there were many obstacles inside and outside the airplane, as detailed above, that exposed Plaintiff to dangers and hazards during the transfer and wheelchair transport of Plaintiff;

    c. Failing to warn Plaintiff of the hazards confronted by Plaintiff during Defendants' employees' careless and reckless transport and transfer of Plaintiff inside and outside the airplane;

    d. Failing to provide for safe and appropriate wheelchair transport compatible with the aircraft Defendant was providing for Plaintiff's trip;

    e. Failing to warn Plaintiff of the incompetence of the two-person assistants in performing their duty to use due care and caution in the process of transporting and transferring Plaintiff inside and outside of the plane, as described above;

70. Defendants breached their common law duties of care, numerous industry standards and internal policies and procedures in its negligent and dangerous transport and transfers of Plaintiff as described above;

71. Defendants' attendants', employees' and agents' negligence and carelessness outlined herein directly and proximately caused Plaintiff to suffer physical and psychological injury and aggravation of Plaintiff's pre-existing conditions required medical, neurological and psychological care to treat Plaintiff's great pain and psychological distress she suffered during her airplane trip, after the trip, and into the future.

72. Defendants' negligence and carelessness outlined herein directly and proximately caused Plaintiff to suffer economic losses including medical expenses, medical transportation, and various other economic losses to be determined during the pendency of this action.

WHEREFORE, Plaintiff hereby prays for judgment in her favor against Defendants Delta and/or Prospect for whatever amount the Court finds to be fair

compensation for her harms and losses, plus all recoverable costs, fees, interest and allowable attorney fees.

                         Respectfully submitted,

                         **IHRIE O'BRIEN ALBRIGHT PERAKIS**

Dated: November 1, 2024      By:    /s/ *Harold A. Perakis*
                                         HAROLD A. PERAKIS (P35921)
                                         Attorneys for Plaintiff
                                         (586) 778-7778

## JURY DEMAND

Plaintiff hereby requests trial by jury in the instant matter.

                         Respectfully submitted,

                         **IHRIE O'BRIEN ALBRIGHT PERAKIS**

Dated: November 1, 2024      By:    /s/ *Harold A. Perakis*
                                         HAROLD A. PERAKIS (P35921)
                                         Attorneys for Plaintiff
                                         (586) 778-7778